UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>V. )<br>)<br>MICHAEL B. HENSLEY, )<br>)<br>Defendant/Movant. ) | Criminal Action No. 5: 19-152-DCR<br>and<br>Civil Action No. 5: 22-262-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Michael Hensley has filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 46] As grounds for the motion, Hensley claims that his attorney provided ineffective assistance. [*Id.*] The motion was referred to Magistrate Judge Edward B. Atkins for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, Magistrate Judge Atkins issued a report on December 29, 2022, recommending that Hensley's motion be denied. [Record No. 56]

This Court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Hensley did not submit any objections to the Magistrate Judge's Report & Recommendation. However, upon full review of the issues presented, the Court agrees with Magistrate Judge Atkins' determination that Hensley's

- 1 -

attorney did not provide constitutionally ineffective assistance. Accordingly, Hensley's § 2255 motion will be denied.

I.

Hensley pulled his car into a Shell gas station in Richmond, Kentucky on the morning of February 25, 2019. [Record No. 55-2] Madison County Deputy Sheriff Shane Johnson ran Hensley's license plate through a scanner, which revealed that Hensley's operator's license was suspended and that Hensley had an active warrant for receiving a stolen firearm. [*Id.* at p. 4] Deputy Johnson approached Hensley, verified his identity, and arrested him. [*Id.*] Hensley admitted to having a "fully loaded" revolver when asked if he had any guns in the vehicle. [*Id.*] Several other officers, including Kentucky Police Department Detective Jasper White, were contacted to assist Deputy Johnson with Hensley's arrest. [Record No. 55-3, p. 4]

Because the sole passenger in Hensley's vehicle also did not have a valid operator's license, Deputy Johnson impounded the vehicle. [Record No. 55-2, p. 4] Officers then conducted an inventory search of the vehicle pursuant to Madison County Sheriff's Office's inventory policy, during which they discovered a backpack in the trunk containing nearly 2 kilograms of methamphetamine. [Record No. 55-3, pp. 4-5] Hensley was indicted and charged with one count of possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A). [Record No. 1]

Hensley raised the possibility of going to trial with his court-appointed attorney, Abe Mashni. [Record No. 55-1, pp. 1-2] To that end, Hensley and Mashni discussed the merits of filing a motion seeking to suppress the evidence seized from the defendant's vehicle by

contending that the search constituted a violation of the defendant's rights under the Fourth Amendment. [*Id.*] Mashni requested a copy of the Madison County Sheriff Office's impoundment policy to determine whether the officers' search of the subject vehicle was justified. [*Id.* at pp. 9-12] After reviewing the policy, the evidence in Hensley's case, and discussing the legal issues with the defendant, Mashni states that he and Hensley decided "that a motion to suppress would be frivolous and therefore was not filed." [*Id.* at p. 2] Hensley claims that Mashni dissuaded him from raising the suppression issue by contending that filing a suppression motion would "upset the Court" and could result in Hensley's receiving a more severe penalty at sentencing. [Record No. 46, pp. 9-10]

After deciding not to file any pretrial motions, Mashni and Hensley's discussions "turned to plea negotiation." [Record No. 55-1, p. 2] Mashni states that the United States presented its first plea agreement to the defendant on October 16, 2019, which Hensley signed. [*Id.* at pp. 13-19] That agreement stated that Hensley's conviction on Count 1 carried a statutory minimum sentence of 10 years and that his conviction on Count 2 carried a statutory minimum of 5 years, to be served consecutively. [*Id.* at p. 15] Mashni continued to negotiate with the United States and, on November 11, 2019, the United States proposed a second plea agreement with more favorable terms. [*Id.* at pp. 21-27] Unlike in the first plea agreement, under the second agreement Hensley reserved the right to file a motion for a downward departure pursuant to Chapter 5 of the Sentencing Guidelines. [*Id.* at p. 24] The second agreement included a provision waiving Hensley's right "to appeal the guilty plea, conviction, and any sentence within or below the applicable guidelines range." [Record No. 14, p. 4] Hensley signed the second agreement and Mashni followed up with a motion for re-arraignment. [Record Nos. 12, 15]

At Hensley's change-of-plea hearing, the Court asked whether Hensley "understood the terms and conditions of [the] plea agreement" after reviewing the agreement with his attorney. [Record No. 43, pp. 4-6] And Hensley indicated that he understood the agreement. [*Id.*] Following the government's summary of the terms of the agreement, the Court asked Hensley whether the government "accurately summarize[d] [the agreement] as you understand it." [*Id.* at pp. 8-10] Hensley responded that the government's summary was accurate. [*Id.* at p. 10] The defendant entered a guilty plea according to the terms in the agreement, which the Court accepted as knowing and voluntary. [*Id.* at pp. 25-26] Hensley was sentenced to 188 months of imprisonment on Count 1 and 60 months imprisonment on Count 2, to run consecutively. [Record No. 29]

Hensley appealed the judgment to the United States Court of Appeals for the Sixth Circuit, but that court dismissed the appeal based on the appellate waiver provision in the defendant's plea agreement. [Record No. 45] In enforcing the waiver in the defendant's plea agreement, the Sixth Circuit noted that "Hensley's affirmative statements at the plea hearing make clear that he understood the substance and effect of the plea agreement." [*Id.* at p. 2] Hensley filed the present motion for relief under 28 U.S.C. § 2255 several months later. [Record No. 46]

Hensley makes four claims in support of his motion, all alleging that his attorney violated his Sixth Amendment right to effective assistance of counsel. First, he argues that Mashni provided ineffective assistance by forcing him to plead guilty so that counsel could avoid filing a motion for suppression. [*Id.* at pp. 9-10] Second, he contends that Mashni "concocted" a "fraudulent factual scenario" in his plea agreement, and that counsel forced him to sign the agreement without reviewing the agreement for accuracy. [*Id.* at pp. 4, 7] Hensley

also asserts that Mashni was ineffective because he refused to file a suppression motion challenging the search of his car. [*Id.* at p. 4] Finally, Hensley claims that Mashni provided ineffective assistance because he "did not advise [him] of the option to enter into a conditional or open plea." [*Id.* at p. 5]

Magistrate Judge Atkins concluded in his Report and Recommendation that Hensley's motion should be denied. [Record No. 56] Regarding the defendant's first claim, Magistrate Judge Atkins explained that Hensley could not demonstrate constitutionally ineffective assistance of counsel because Hensley failed to show that Mashni coerced him into pleading guilty. [*Id.* at p. 8] The Magistrate Judge also rejected the defendant's claim that Mashni fabricated the facts in the second plea agreement because Hensley confirmed the accuracy of the factual summary in his agreement at his change-of-plea hearing. [*Id.* at pp. 10-11] Next, Magistrate Judge Atkins recommended denying Hensley's third claim because the defendant could not show that he was prejudiced by Mashni's decision not to file a suppression motion. [*Id.* at pp. 12-13] Finally, the Magistrate Judge rejected Hensley's fourth claim because, even assuming that Mashni was ineffective when he did not advise Hensley of the availability of a conditional or open plea, Hensley was not prejudiced by that decision when he received a lesser sentence pursuant to the plea agreement he signed. [*Id.* at pp. 14-15]

The Magistrate Judge further found that an evidentiary hearing on the claims in Hensley's motion was not needed because the defendant's factual allegations were contradicted by the evidence in the record. [*Id.* at pp. 15-17]

II.

Under 28 U.S.C. § 2255, a federal prisoner may move the court that sentenced him to "vacate, set aside or correct the sentence" upon showing that the sentence was unlawful, that

the court lacked jurisdiction, that the sentence was "in excess of the maximum authorized by law," or that the sentence is "otherwise subject to collateral attack." "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). In other words, relief under § 2255 is only warranted "where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Miller v. United States*, 562 F. App'x 485, 490 (6th Cir. 2014) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Hensley claims that he is entitled to relief because Mashni's actions violated the defendant's right to effective assistance of counsel under the Sixth Amendment. *See* U.S. Const. amend. VI. A defendant's right to effective assistance of counsel is violated when counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show prejudice, a movant must establish ""that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Under the first *Strickland* prong, courts "take care to avoid 'second-guessing'" an attorney's discretion and "strongly presume" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Lundgren v. Mitchell*, 440 F.3d 754, 759-60 (6th Cir. 2014); *see also Strickland*, 466 U.S. at 690. To satisfy the second prong, the movant must demonstrate that counsel's deficient performance would have changed the outcome of the proceeding, considering "the totality of the evidence before the judge or jury."

*Strickland*, 466 U.S. at 695-96. Finally, a movant must establish his claim of ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.

### 1. Was Hensley Coerced to Plead Guilty?

Hensley claims that Mashni coerced him into signing his plea agreement. [Record No. 46-1, pp. 9-14] Specifically, he contends that Mashni forced him to sign the government's first plea deal to avoid filing a motion to suppress the evidence seized from Hensley's car. [*Id.*] Hensley claims that Mashni rejected his request to file a suppression motion during plea negotiations and stated that the defendant had "waived his right" to file a suppression motion when he signed the first plea agreement. [*Id.* at p. 10] Hensley further claims that Mashni lied about the substance of his plea agreement. He contends that the government initially promised him a mandatory minimum sentence of 180 months imprisonment under the first plea deal, but that Mashni later claimed that he could only guarantee a mandatory minimum of 188 months imprisonment after the defendant's Presentence Investigation Report ("PSR") came back and was "no good." [*Id.* at p. 11]

Mashni respond to this claim much differently. He denies saying that Hensley waived his right to a suppression hearing by signing a plea agreement, explaining that such a statement would be "categorically false and does not make any sense." [Record No. 55-1, p. 4] He states that "[t]he United States never offered a plea deal of 180 months" in its first plea agreement and that he never assured Hensley that he could get a 188-month sentence under the second agreement. [*Id.*] He also states that he presented Hensley with the second plea agreement because it "was better for [the defendant]." [*Id.*] Finally, Mashni states that he did not change

his position after receiving Hensley's PSR, explaining that "[i]t doesn't make any sense for a PSR to come back prior to rearraignment." [*Id.*]

Hensley has failed to demonstrate that Mashni acted unreasonably in negotiating his plea agreement or that he was prejudiced by Mashni's actions. Under the first prong of *Strickland*, Hensley has not demonstrated that Mashni was ineffective by forcing him to plead guilty. His suggestion that Mashni lied about the potential sentences he would receive under both plea agreements is undermined by his own statements. At his change-of-plea hearing, Hensley affirmed that he understood the terms of his agreement and had not received any other promises that caused him to plead guilty. [Record No. 43, pp. 7-8, 10-11] Notably, when the undersigned asked the defendant whether anyone "made any threats or in any way forced" him to sign the plea agreement, he responded, "No, sir." [*Id.* at p. 11] Hensley's in-court statements carry "a strong presumption of verity" and refute the claim that Mashni misrepresented the nature of his plea agreement to him or forced him to sign it. *United States v. Torres*, No. 6:17-CR-40, 2022 WL 983146, at *8 (E.D. Ky. Mar. 30, 2022) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74) (1977)).

Further, Hensley has not satisfied the second prong of *Strickland* because he has not demonstrated that he would have received a more favorable sentence if not for Mashni's allegedly improper actions. *See United States v. Brumley*, No. 14-32-GFVT-CJS-1, 2017 WL 10637727, at *10 (E.D. Ky. Aug. 9, 2017) (finding no prejudice to the defendant because he presented "no credible evidence that the Government would have been willing to negotiate a different/more favorable plea agreement with him based on his arguments") (citation omitted). If anything, Mashni's decision to continue negotiating with the United States for a second plea agreement benefitted Hensley. As Mashni explains, the second plea agreement gave the

defendant the opportunity to move for a downward departure while the first plea agreement waived that option. [Record No. 55-1, p. 24]

While Hensley may not have received the sentence that he hoped to receive, Mashni was correct to advise him that he would likely receive a lesser sentence upon entering a guilty plea rather than pursuing a suppression motion and potentially going to trial. *See United States v. Green*, 388 F.3d 918, 923 (6th Cir. 2004) (denying that counsel provided ineffective assistance by coercing defendant to plead guilty because "accurate information regarding the possible ramifications of proceeding to trial cannot be constructed as coercive"); *see also Lunsford v. United States*, 953 F.2d 644, 644 (6th Cir. 1992) (finding no prejudice for defendant claiming he was unlawfully induced by his attorney into pleading guilty "because the record clearly reflects that he received the benefit of his plea agreement"). Magistrate Judge Atkins correctly concluded that Hensley failed to show that Mashni was ineffective in negotiating the defendant's plea agreement.

### 2. Did Mashni Include Inaccurate Information in the Plea Agreement?

Hensley next claims that Mashni and the United States "deliberately manufactur[ed] false facts" in paragraphs 3(a) and 3(b) of his plea agreement. [Record No. 46, p. 4] The agreement states that Deputy Johnson and other officers from the Madison County Sheriff's Office detained the defendant and searched his vehicle at a Shell gas station. [Record No. 15, pp. 2-3] But Hensley claims that "Madison County 'Constable' Jasper White," not Deputy Johnson, was present during Hensley's arrest and the initial search of his car. [Record No. 46-1, p. 15] Hensley contends that the officers mentioned in the plea agreement arrived "at least 30-40 minutes" after White initiated the stop with the defendant. [*Id.* at p. 16] He claims that when he raised his concerns about the facts in his agreement with his attorney, Mashni "assured

him that [the agreement] would be changed before the Plea Hearing" and later "rushed" the defendant to sign the agreement without further review. [*Id.* at p. 7] Again, Mashni disagrees with the defendant's claim, stating instead that Hensley never objected to the facts in the plea agreement and "did not direct [Mashni] to change anything in the factual portion" of the agreement. [Record No. 55-1, p. 4]

Like his first claim, Hensley has failed to meet either *Strickland* prong with respect to Mashni's actions. His claims that Mashni failed to review the facts in the plea agreement are contrary to the clear evidence in the record: namely, Hensley's sworn statements during his plea hearing. The United States summarized the contents of the defendant's plea agreement at his change-of-plea hearing, specifically stating that "Paragraph 3 sets forth a factual basis. Mr. Hensley admits these facts." [Record No. 43, p. 9] Again, at the conclusion of the government's summation, the Court asked Hensley whether the government "accurately summarized [the plea agreement] as [the defendant] understand[s] it." [*Id.* at p. 10] Hensley responded in the affirmative. His assertions that he understood the nature and contents of his plea agreement, including the factual summary therein, undermine Hensley's claim that his attorney fabricated the information in the agreement. *See United States v. Sprague*, No. 2:06-CR-19, 2015 WL 630382, at *8 (E.D. Tenn. Feb. 12, 2015) (citing *Gray v. Comm'r*, 708 F.2d 243, 246 (6th Cir. 1983), *cert. denied*, 466 U.S. 927 (1984) ("Once the district court conducts the required colloquy under Federal Rule of Criminal Procedure 11, and finds the plea knowingly and voluntarily entered, absent compelling reasons to the contrary, the validity of the plea and the defendant's corresponding guilt are deemed to be conclusively established.")).

But even if Hensley had demonstrated that Mashni included incorrect information in the plea agreement, he has not shown that the factual errors he claims were made would affect

the outcome of his case. Notably, Hensley's account of the events surrounding his arrest is, as Magistrate Judge Atkins noted, incorrect: Deputy Johnson was present at the Shell gas station when Hensley arrived, not Detective White. [*See* Record Nos. 55-2, 55-3.] The evidence in the record verifies the plea agreement's version of the facts and contradicts Hensley's claims in his motion. Officer reports reflect that Deputy Johnson initiated the traffic stop on Hensley's car at 1:28 a.m., and that "the trunk of [Hensley's] vehicle was open" by the time Detective White arrived at 1:50 a.m. [*Id.* at p. 4, Record No. 55-3, p. 4]

And even if the facts in the plea agreement contradicted record evidence, Hensley has not demonstrated that such a discrepancy would prejudice him. *Cf. Jones v. Cain*, 227 F.3d 228, 230-31 (5th Cir. 2000) (finding that counsel did not provide ineffective assistance in failing to impeach a witness because the "alleged discrepancies between the testimony of witnesses and data in the police report approach inanity"); *Haro-Verdugo v. United States*, No. CR-05-0125, 2012 WL 12985423, at *3-4 (D. Ariz. July 6, 2012) (denying ineffective assistance of counsel claim for defendant when evidence conflicts as to whether defense counsel was present at a settlement conference, noting that "regardless of the factual inconsistency . . . Petitioner still fails to show that he was prejudiced by his claimed lack of counsel at the settlement conference"). Hensley does not claim that he would not have been arrested or that his car would not have been impounded if Detective White had pulled him over instead of Deputy Johnson. Accordingly, even assuming that the facts he identifies were fabricated, the resulting discrepancy would constitute a distinction without a difference.

Because the record evidence conclusively rebuts Hensley's version of events, he has failed to show that Mashni provided ineffective assistance by including allegedly incorrect information in Hensley's plea agreement.

### 3. Did Mashni Fail to File a Suppression Motion per Hensley's Direction?

Hensley next claims that his attorney provided ineffective assistance by failing to file a motion to suppress the evidence seized from his car "based on an illegal search and seizure." [Record No. 46, p. 4] Hensley states that Mashni was initially receptive to filing such a motion but later rejected the defendant's request, explaining that Hensley "had 'waived his rights [to a suppression hearing] in signing the first (invalidated) plea agreement." [*Id.* at pp. 17-18] Hensley also contends that Mashni threatened him by stating that filing a suppression motion would upset the Court and result in him receiving a longer sentence. [*Id.* at p. 18]

Mashni contradicts this claim, explaining that he "thoroughly discussed and researched" the topic of filing a suppression motion with Hensley. [Record No. 55-1, p. 1] Counsel also provided a copy of his open records request to the Madison County Sheriff's Office, in which he sought copies of the Sheriff's Office's impoundment policy to help assess the viability of a potential Fourth Amendment claim related to the search of Hensley's car. [*Id.* at p. 7] After reviewing the policy with Hensley and finding that the officers' search of the subject vehicle was proper, Mashni states that he and the defendant "ultimately decided" that "a motion to suppress would be frivolous." [*Id.* at p. 2]

Even if Hensley could show that Mashni's failure to file a suppression motion constituted ineffective assistance, that decision did not prejudice the defendant. [*See* Record No. 56, pp. 12-13.] A defendant who claims that his attorney was ineffective for failing to litigate a Fourth Amendment claim must show that such a claim "is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Ray v. United States*, 721 F.3d 758, 762

(6th Cir. 2013). Hensley's third ineffective assistance of counsel claim fails because he cannot demonstrate that his suppression motion would have been successful.

"The Fourth Amendment imposes a *per se* requirement that police officers obtain a warrant prior to conducting a search." *United States v. Galaviz*, 645 F.3d 347, 354-55 (6th Cir. 2011) (citation omitted). Accordingly, courts presume that a warrantless search is unreasonable, and the government bears the burden of establishing that an exception to the warrant requirement validates the search at issue. *See United States v. Moore*, 130 F. App'x 728, 734 (6th Cir. 2005). Under the inventory exception, "where the police are in lawful custody of a vehicle, they may conduct an inventory search to catalogue its contents pursuant to standardized criteria." *United States v. Alexander*, 954 F.3d 910, 915 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 333 (2020). For an inventory search to be constitutionally valid, officers must conduct the search "according to standard police procedures' and may not initiate the search "for purposes of investigation." *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007) (citation omitted). "However, the mere fact that an officer suspects that contraband may be found in a vehicle does not invalidate an otherwise proper inventory search." *Id.*

Hensley argues that the officers' inventory search of his vehicle violated the Fourth Amendment because the search was conducted for the purpose of investigation. [Record No. 46-1, pp. 18-19 (quoting *id.*)] But as Magistrate Judge Atkins correctly notes, Hensley's car was impounded because no one in his vehicle had a valid operator's license, not because officers suspected that Hensley was hiding drugs and firearms in his car. [*See* Record No. 55-2, p. 4 (noting that the sole passenger in Hensley's vehicle "did not have a driver's license").] The officers' actions were entirely consistent with the Madison County Sheriff's Office's policy because the officers were authorized to impound and search the car after discovering

that neither Hensley nor his fellow passenger could legally drive it. [*See* Record Nos. 55-1, pp. 9-12.] But even if the officers may have "suspect[ed] that contraband" was present in the vehicle, their search was nonetheless valid under the inventory exception. *Smith*, 510 F.3d at 651. Because Hensley's Fourth Amendment argument lacks merit, Mashni's choice not to file a suppression motion advancing that argument did not prejudice the outcome of Hensley's case.

### 4. Did Mashni Fail to Advise Hensley of Other Plea Options Resulting in Prejudice to the Defendant?

Hensley argues that Mashni's performance was deficient when he did not "advise him of the option of entering a conditional or open plea" agreement. [Record No. 46, p. 5] But "[c]ounsel cannot be found ineffective for providing advice concerning a possible conditional plea agreement, or for failing to obtain a conditional plea, unless a movant can show 'that counsel could have successfully negotiated such plea agreement.'" *Austin v. United States*, No. 14-13039, 2016 WL 2795682, at *4 (E.D. Mich. May 13, 2016) (citation omitted). Mashni was not ineffective for failing to inform Hensley about the possibility of a conditional plea agreement because the defendant has not demonstrated that his attorney would have been successful in negotiating such an agreement. Simply put, a conditional plea agreement may be appropriate is the defendant has filed and wishes to challenge a pretrial motion. *See* Fed. R. Civ. P. 11(a)(2) ("With the consent of the court and the government, a defendant may enter a conditional plea of guilty or *nolo contendere*, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."). Here, because Mashni and Hensley decided not to file a suppression motion (as discussed above), a conditional plea would not have been appropriate. Moreover, the defendant was not prejudiced

by Mashni's actions. Even if Hensley had requested a conditional plea offer, he "can show no evidence to suggest that the Government [or the Court] would have possibly agreed to a conditional plea agreement." *See Austin*, 2016 WL 2795682, at *4.

Hensley's argument that Mashni should have informed him about an open plea is similarly unavailing. Mashni's actions were not unreasonable because Hensley would not have benefitted from an open plea. First, by not entering an open plea, Hensley was spared from "undergo[ing] a mini-trial at his sentencing hearing" that would have been conducted "without the benefit of the procedural and evidentiary protections of a jury trial." *Mathisen v. United States*, No. TDC-15-0003, 2018 WL 3388350, at *3 (D. Md. July 11, 2018). Additionally, as Magistrate Judge Atkins correctly noted, Hensley received a lesser penalty by not choosing an open plea, as the government likely would not have moved for a three-level reduction for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines under sucha n arrangement. [*See* Record No. 56, p. 14.] Hensley has not demonstrated that Mashni's failures to advise him of the availability of a conditional or open plea negatively affected his sentence.

## IV. Evidentiary Hearing

Finally, Hensley has requested an evidentiary hearing on the claims in his § 2255 motion. [Record No. 46-1, p. 27] Section 2255 provides that "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Sixth Circuit has recognized that when a movant alleges facts that entitle him to relief, "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record,

inherently incredible, or conclusions rather than statements of fact.'" *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (citation omitted).

In this case, an evidentiary hearing is unnecessary because his factual allegations regarding the defendant's ineffective assistance of counsel claims are either contradicted by the record or inherently incredible. First, his claim that Mashni coerced him into pleading guilty is contradicted by his own representations during the change-of-plea hearing. [*See* Record No. 43, pp. 4-6.] As discussed above, Hensley's statements to the Court that he understood the nature of his plea agreement and was not forced to sign the agreement carry a "strong presumption of verity" and constitute strong evidence refuting the defendant's claim. *See United States v. Torres*, No. 6:17-CR-40, 2022 WL 983146, at *8 (E.D. Ky. Mar. 30, 2022) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74) (1977)) (declining to hold evidentiary hearing when statement that counsel did not communicate plea offer was contradicted by the record of defendant's sentencing hearing). Moreover, the defendant's claim that Mashni changed his mind about the first plea agreement after receiving his PSR is inherently incredible, as counsel would not have received a PSR before the defendant entered a guilty plea.

Similarly, Hensley's claim that Mashni fabricated facts underlying his plea agreement and forced him to sign the agreement without reviewing it for accuracy are flatly contradicted by the record. Hensley confirmed that the factual summary in his agreement was accurate during the change-of-plea hearing. [Record No. 43, p. 10] Additionally, officer reports from the night of Hensley's arrest verify the accuracy of the version of events set out in the plea agreement, further contradicting Hensley's claim. [*See* Record Nos. 55-2, 55-3.]

Hensley's claim that Mashni was ineffective for refusing to file a suppression motion does not require an evidentiary hearing because the defendant fails to allege nonconclusory statements supporting his argument that Mashni's conduct prejudiced him. His conclusory statements that a suppression motion would have been successful are insufficient, as such a motion would have been meritless. Moreover, Mashni's assertion that he and Hensley thoroughly discussed the possibility of filing a suppression motion is confirmed by Mashni's open records request that he sent to the Madison County Sheriff's Office, undermining the defendant's claims that his attorney refused to consider filing a suppression motion. [Record No. 55-1, pp. 7-8]

Hensley's claim that Mashni was ineffective for failing to advise him of the possibility of entering a conditional or open plea, also does not entitle the defendant to an evidentiary hearing. Assuming that Hensley's version of events is true, Mashni did not provide ineffective assistance by failing to advise the defendant of alternative plea options, as discussed above. And Hensley has failed to allege sufficient facts to demonstrate that he was prejudiced by Mashni's actions. He does not allege that the government or the Court would have accepted his request for a conditional plea agreement, as is required to show prejudice under the second prong of *Strickland*. *See* Fed. R. Crim. P. 11(a)(2); *Scott v. United States*, 325 F. App'x 822, 825 (11th Cir. 2009) (denying request for an evidentiary hearing for claim that counsel was ineffective for failure to advise defendant about option of entering an open plea because defendant did not allege that government would have been "amenable to [a plea] negotiation in the absence of a cooperation agreement").

### V. Certificate of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, Hensley must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

Reasonable jurists would not debate the Court's conclusions here. Mashni effectively advised Hensley during the plea negotiation process, and Hensley has not demonstrated that his guilty plea was coerced. Additionally, evidence in the record confirms that Mashni did not fabricate the facts in Hensley's plea agreement. Mashni's decision not to file a motion to suppress also was reasonable, because such a motion would have been meritless. And even if Mashni did not adequately inform the defendant of the option of a conditional or open plea agreement, Hensley has not demonstrated that the government would have been amenable to either agreement.

Hensley's arguments are clearly without merit based on court records and his attorney's representations. Thus, no certificate of appealability will issue.

### VI. Conclusion

Hensley has failed to demonstrate that his attorney provided ineffective assistance under the standard set forth in *Strickland*. Accordingly, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Edward B. Atkins Report and Recommendation [Record No. 56] is **ADOPTED** and **INCORPORATED** here by reference.

2. Defendant/Movant Michael B. Hensley's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 46] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

4. Hensley's request for an evidentiary hearing is **DENIED**.

Dated: January 23, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky